UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
ORBIN COVACHUELA, individually and on behalf of all
others similarly situated,

                                              Civil Action No.

                      Plaintiff,

                                                COMPLAINT

                    -against-

 JERSEY FIRESTOP, LLC, DANIEL HINOJOSA, and
 DAVID HINOJOSA,

                      Defendants.
------------------------------------------------------------------------X

        Plaintiff Orbin Covachuela ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Jersey Firestop, LLC ("Jersey Firestop"), Daniel Hinojosa ("Daniel"), and David Hinojosa ("David") (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

        1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"); the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL"); and the New Jersey Conscientious Employee Protection Act N.J.S.A. 34:19-1 *et seq.* ("CEPA").

        2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

        3.     This Court has supplemental jurisdiction over the claims arising under the NJWHL, NJWPL, and CEPA pursuant to 28 U.S.C. § 1367, in that the state law claims are so

closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New Jersey.

6.      At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7.      Jersey Firestop is a domestic limited liability company with its principal place of business located at 317 E 2nd Street, Bound Brook, New Jersey 08805 (the "Office").

8.       Jersey Firestop is a mechanical insulation company and certified firestop contractor that provides firestop and insulation products and installation to residential, commercial, and industrial facilities.

9.      Jersey Firestop provides installation services to various homes and businesses in Connecticut, New Jersey, Pennsylvania and New York (the "Worksites").

10.     Daniel and David are individuals residing, upon information and belief, in the state of New Jersey.

11.     At all relevant times, Daniel and David were, and still are, officers, directors, shareholders and/or persons in control of Jersey Firestop who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees; set

employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

12.     At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

13.     At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14.     At all relevant times, Defendants were responsible for compensating Plaintiff.

15.     Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

16.     Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

17.     Defendants operate in interstate commerce.

18.     All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19.     The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20.     The FLSA Collective Plaintiffs consist of no less than twelve (12) similarly situated current and former drivers and/or laborers employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other pay.

21.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week and failing to pay employees for all hours worked.

22.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23.     Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

24.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Rule 23 Class Allegations

25.     The Second and Third Causes of Action in this Complaint are brought by Plaintiff on behalf of himself and similarly situated persons who were employed by Defendants since the date six (6) years prior to the filing of this Complaint (the "Class Period") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23.

26.     All said persons are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

27.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are no less than twelve (12) members in the Class.

28.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

29.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests adverse to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour cases.

30.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy --- particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

31.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

32.     Because the losses, injuries, and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

33.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a.     Whether Defendants unlawfully failed to compensate Class members at the applicable overtime rate for hours worked over forty (40) hours per week, in violation of N.J.S.A. 34:11-56a(4)

b.     Whether Class members are entitled to damages, and if so, the means of measuring such damages;

c.     Whether Defendants are liable for Class members' attorneys' fees and costs; and

d.     Whether Defendants are liable for liquidated damages.

**V. Factual Allegations**

36.     Defendants employed Plaintiff from in or around April 2018 until on or around October 23, 2019.

37.     From the start of his employment until in or around September 2018, Plaintiff worked as a laborer.

38.     As a laborer, Plaintiff's job duties included dry wall carpentry and installation of fire stopping material at the Worksites.

39.     From the start of his employment until in or around September 2018, Plaintiff was required to arrive at the Office at the start of each workday to check in with David and/or Daniel, load the company vehicle with all necessary equipment, and ride in one of the company vehicles to the Worksites. At the end of each workday, Plaintiff was required to ride back in the company vehicle to the Office to help unload all equipment from the company vehicle. This resulted in

approximately three and three-fourths (3.75) hours of preparation and travel time each day; totaling eighteen and three-fourths (18.75) hours per week ("Preparation Hours").

40.      Starting in or around November 2018, Plaintiff held the role of driver in addition to his role as a laborer.

41.      During this time period, Plaintiff was required to arrive at the Office at the start of each workday, to check in with David and/or Daniel, load the company vehicle with all necessary equipment, and drive one of the company vehicles to the Worksites. At the end of each workday, Plaintiff was required to drive the company vehicle back to the Office, store the company vehicle in the garage, and help unload all equipment from the company vehicle. This resulted in approximately three and three-fourths (3.75) hours of preparation and travel time each day; totaling eighteen and three-fourths (18.75) Preparation Hours per week.

42.      Throughout his employment, Plaintiff's regularly scheduled hours at Worksites were Monday through Friday from approximately 7:15 a.m. to 3:00 p.m., with a daily thirty (30) minute lunch break, for a total of thirty-six and one-fourth (36.25) hours per week ("Worksite Hours").

43.      Plaintiff also worked one (1) or two (2) Saturdays each month. On these working Saturdays, Plaintiff worked the same schedule that he worked other days.

44.      In weeks that Plaintiff was not required to work on Saturdays, Plaintiff regularly worked approximately fifty-five (55) hours per week including Worksite Hours and Preparation Hours.

45.      In weeks that Plaintiff was required to work on Saturdays, Plaintiff regularly worked approximately sixty-six (66) hours per week including Worksite Hours and Preparation Hours.

8

46.     From the start of his employment until in or around June 2018, Defendants paid Plaintiff $11.00 per hour for up to forty (40) Worksite Hours worked per week.

47.     From in or around July 2018 until in or around February 2019, Defendants paid Plaintiff $13.00 per hour for up to forty (40) Worksite Hours worked per week.

48.     From in or around March 2019 until in or around October 23, 2019, Defendants paid Plaintiff $15.00 per hour for up to forty (40) Worksite Hours worked per week.

49.     In addition, when Plaintiff worked Saturdays, Defendants compensated Plaintiff at his proper overtime rate for up to eight (8) Worksite Hours worked on Saturdays.

50.     In or around the first week of October 2019, Plaintiff complained to David and Daniel that he was not being paid for the hours driving the company vehicle to and from Worksites.

51.     Plaintiff requested that Defendants pay him for the driving hours and informed David and Daniel that he would not continue to drive the company vehicle until Defendants agreed to start paying for the driving hours.

52.     Defendants rejected Plaintiff's request.

53.     Thereafter, although Plaintiff continued to work the same Preparation Hours, he refused to drive the company vehicle and rode in the company vehicle as a passenger to and from the Worksites.

54.     Approximately two (2) weeks later, Defendants terminated Plaintiff.

55.     Defendants retaliated against Plaintiff by terminating him for attempting to assert his rights under the FLSA and/or the New Jersey Wage and Hour Law.

56.     While employed with Defendants, Plaintiff and the similarly situated employees were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

9

57.     Defendants neither tracked nor recorded the hours that Plaintiff or the similarly situated employees worked.

58.     Throughout their employment with Defendants, Plaintiff and the similarly situated employees were not compensated as required by FLSA § 785.38 for the time they spent collecting the company vehicle and loading necessary equipment at the beginning of the day, and returning the company vehicle and equipment at the end of the day.

59.     Furthermore, despite routinely working in excess of forty (40) hours per week, Plaintiff and the similarly situated employees were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates or the applicable minimum wage, whichever is greater, for all of the hours they worked in excess of forty (40) per week.

60.     Instead, Defendants compensated Plaintiff and the similarly situated employees for up to forty (40) hours worked per week, and overtime compensation for no more than eight (8) hours for hours worked on Saturdays. Defendants failed to compensate Plaintiff and the similarly situated employees with proper overtime wages for the remainder of the hours they worked in excess of forty (40) hours per week.

61.     Defendants violated federal and state law by willfully failing to pay Plaintiffs and the similarly situated employees overtime compensation and other wages due; and by terminating Plaintiff in retaliation for demanding to be paid for all hours worked.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the Fair Labor Standards Act)*

62.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

63.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their

regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

64.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

65.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

66.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

67.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

68.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION, INDIVIDUALLY, AND ON BEHALF OF THE CLASS PLAINTIFFS
*(Overtime Violations under the NJWHL)*

69.     Plaintiff, individually and on behalf of the Class Plaintiffs, repeats and realleges all prior allegations set forth above.

70.     Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff and the Class Plaintiffs were entitled to overtime wages of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

71.     Plaintiff and the Class Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

72.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the Class Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

73.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class Plaintiffs the required overtime wages, Plaintiff and the Class Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

74.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Class Plaintiffs are entitled to liquidated damages in an amount equal to no more than two-hundred percent (200%) of unpaid wages.

75.     Judgment should be entered in favor of Plaintiff and the Class Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION, INDIVIDUALLY,**
**AND ON BEHALF OF THE CLASS PLAINTIFFS**
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

76.     Plaintiff, individually and on behalf of the Class Plaintiffs repeats and realleges all prior allegations.

77.     At all relevant times, Defendants failed to pay Plaintiff and the Class Plaintiffs the full amount of wages due to them at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

78.     Defendants also failed to pay Plaintiff and the Class Plaintiffs all wages due to them not later than the regular payday for the pay period in which they were terminated, in violation of N.J.S.A. 34:11-4.3.

79.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class Plaintiffs all wages due, including overtime wages and other pay, Plaintiff and the Class Plaintiffs have been damaged and are entitled to recover from Defendants all unpaid wages, along with interest and costs.

80.     Judgment should be entered in favor of Plaintiff and the Class Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Retaliation under the FLSA)*

81.     Plaintiff repeats and realleges all prior allegations.

82.     In or around the first week of October 2019, Defendants denied Plaintiff's requests to be paid for all hours worked, as required by law.

83.     Defendants terminated Plaintiff on October 23, 2019, approximately two (2) weeks after Plaintiff's request.

84.     Defendants terminated Plaintiff's employment in retaliation for Plaintiff's attempt to assert his legal rights under the FLSA.

85.     Upon information and belief, Plaintiff was the only employee terminated on or around October 23, 2019.

86.     Defendants did not have any legitimate, non-retaliatory reason for terminating Plaintiff's employment.

87.     Defendants' termination of Plaintiff constitutes unlawful retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

88.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

89.     Judgement should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for emotional, physical, and punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Retaliation Under the CEPA)*

90.     Plaintiff repeats and realleges all prior allegations.

91.     New Jersey's CEPA law prohibits retaliation because an employee objects to an activity, policy, or practice, which the employee reasonably believes constitutes a violation of a law, rule, or regulation.

92.     Plaintiff reasonably believed that Defendants' failure to pay him for all Preparation Hours was a violation of law.

93.     Plaintiff objected to this practice by complaining to Defendants David and Daniel, members of upper management, that he was not being paid for all Preparation Hours.

94.     Shortly thereafter, Defendants terminated Plaintiff's employment in direct retaliation for making a complaint about not being paid his wages.

95.     Defendants violated CEPA in discharging Plaintiff for engaging in a protected activity by objecting to Defendants' practice of not paying for Preparation Hours, which he reasonably believed was a violation of the law.

96.     Defendants' actions were especially egregious and constitute actual participation or willful indifference to the Plaintiff's rights under the CEPA.

97.      As a direct result of Defendants' violations of the law and unlawful termination of Plaintiff's employment, Plaintiff has been damaged and is entitled to recover from Defendants back pay, front pay, liquidated damages, punitive damages, and emotional distress damages, along with reasonable attorneys' fees, interest, and costs.

98.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's back pay, front pay, liquidated damages, punitive damages, emotional distress damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action on behalf of Plaintiff and the Class Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action on behalf of Plaintiff and the Class Plaintiffs for all unpaid wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Fourth Cause of Action on behalf of Plaintiff for back pay, front pay, liquidated damages, punitive damages, and emotional distress damages, along with reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fifth Cause of Action on behalf of Plaintiff for back pay, front pay, liquidated damages, punitive damages, and emotional distress damages, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) interest;

f) costs and disbursements; and

g) such other and further relief as is just and proper.

Dated: New York, New York
July 13, 2020

/s/ Nicole Grunfeld
Nicole Grunfeld

KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff, the FLSA Collective
Plaintiffs and the Class Plaintiffs*

17