NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ORBIN COVACHUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JERSEY FIRESTOP, LLC *et al.*,<br><br>Defendants. | Civ. No. 20-8806<br><br>**OPINION** |

THOMPSON, U.S.D.J.

# INTRODUCTION

This matter comes before the Court upon the Motion for Conditional Certification and Court-Authorized Notice filed by Plaintiff Orbin Covachuela ("Plaintiff"). (ECF No. 12.) Defendants Jersey Firestop, LLC ("Jersey Firestop"), Daniel Hinojosa, and David Hinojosa (collectively, "Defendants") oppose. (ECF No. 14.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 12) is granted.

# BACKGROUND

**I.    Factual Background**

This is a Fair Labor Standards Act case. Defendant Jersey Firestop provides firestop and insulation products and installation services to residential, commercial, and industrial customers. (Am. Compl. ¶ 8, ECF No. 21.) At all relevant times, Defendants Daniel and David Hinojosa

1

were "officers, directors, shareholders and/or persons in control of Jersey Firestop." (*Id.* ¶ 11.)

From April 2018 to September 2018, Plaintiff worked as a Laborer at Jersey Firestop; from November 2018 to October 2019, he worked as a Laborer and Driver. (Covachuela Decl. ¶¶ 3, 6, 11, ECF No. 12-5.) Plaintiff's job as a Laborer involved drywall carpentry and installation of firestop material at homes and businesses in New Jersey, Pennsylvania, New York, and Connecticut (the "Worksites"). (*Id.* ¶ 7; *see also* Am. Compl. ¶ 9.) His job as a Driver entailed "loading and unloading the company vehicle with all necessary equipment, and driving one of the company vehicles to and from the Worksites." (Covachuela Decl. ¶ 12.)

As both a Laborer and Driver, Plaintiff was required to arrive at Defendants' office at the start of each workday to "check in" with Daniel and/or David Hinojosa, load Jersey Firestop's vehicle with necessary equipment, and drive or ride in the vehicle to the Worksites. (*Id.* ¶¶ 8, 13.) At the end of each workday, Plaintiff was required to drive or ride in the company vehicle to the office and help unload the equipment. (*Id.* ¶¶ 9, 14.) These responsibilities required approximately 3.75 hours of preparation and travel time per day, totaling approximately 18.75 hours per week ("Preparation Hours"). (*Id.* ¶¶ 10, 15.)

Plaintiff was paid his hourly rate for up to forty hours of work at the Worksites ("Worksite Hours"). (*Id.* ¶ 20.) He was also paid an overtime hourly rate for up to eight Worksite Hours on Saturdays. (*Id.* ¶ 23.) But he was not paid for Preparation Hours. (*Id.* ¶ 24.)

In October 2019, Plaintiff allegedly requested that Defendants pay him for his Preparation Hours. (Am. Compl. ¶ 51.) Defendants refused. (*Id.* ¶ 52.) Defendants terminated Plaintiff's employment approximately two weeks later. (*Id.* ¶ 54.)

Count 1 of the Amended Complaint, which alleges overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), is brought by Plaintiff "on

2

behalf of himself and similarly situated persons who were employed [by Defendants] since the date three (3) years prior to the filing of th[e] Complaint and who elect to opt-in to this action." (*Id.* ¶ 19.)[1]

## II.  Procedural History

Plaintiff filed the initial Complaint on July 13, 2020. (ECF No. 1.) On January 8, 2021, Plaintiff filed the present Motion for Conditional Certification and Court-Authorized Notice (ECF No. 12), to which he attached a Declaration (ECF No. 12-5). Defendants filed an Opposition. (ECF No. 14.) Plaintiff filed a Reply (ECF No. 15), to which he attached a second Declaration (ECF No. 15-1). With the Court's leave, Defendants filed a Sur-Reply. (ECF No. 19.)

On January 29, 2021, Defendants filed an Amended Answer and Counterclaim against Plaintiff. (ECF No. 17.) On February 19, 2021, Plaintiff filed the operative Amended Complaint (ECF No. 21.)[2] Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 12) is presently before the Court.

## LEGAL STANDARD

"Section 16(b) of the FLSA, . . . 29 U.S.C. § 216(b), gives employees the right to bring a

---

[1] Plaintiff brings Counts 2 and 3 "on behalf of himself and similarly situated persons who were employed by Defendants since the date six (6) years prior to the filing of th[e] Complaint," pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Am. Compl. ¶ 25, ECF No. 21.) The issue of class certification under Rule 23 is not currently before the Court.

[2] Plaintiff alleges five counts in the Amended Complaint: (1) overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") (Am. Compl. ¶¶ 62–68); (2) overtime violations under the New Jersey Wage and Hour Law, N.J. Stat. Ann. § 34:11-56a(4) (Am. Compl. ¶¶ 69–75); (3) failure to timely pay wages in violation of the New Jersey Wage Payment Law, N.J. Stat. Ann. §§ 34:11-4.2 and 34:11-4.3 (Am. Compl. ¶¶ 76–80); (4) retaliation under the FLSA, 29 U.S.C. § 215(a)(3) (Am. Compl. ¶¶ 81–89); and (5) retaliation under the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. § 34:19-1 *et seq*. (Am. Compl. ¶¶ 90–98). A sixth count was withdrawn on March 24, 2021. (ECF No. 25.)

3

private cause of action on their own behalf and on behalf of other employees similarly situated for specified violations of the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) (internal quotation marks omitted). "A suit brought on behalf of other employees is known as a 'collective action.'" *Id.* Courts in the Third Circuit follow a two-step process for determining whether an action may proceed as a collective action under the FLSA. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). "The first step, so-called conditional certification, requires a named plaintiff to make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (quoting *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012)). "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Symczyk*, 569 U.S. at 75 (citations omitted). "At the second stage, with the benefit of discovery, a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d at 243 (internal quotation marks omitted).

## **DISCUSSION**

### I.     **Conditional Certification**

Plaintiff has satisfied the lenient standard for conditional certification. Plaintiff lists other Laborers and/or Drivers who had responsibilities similar to Plaintiff's. (*See* Covachuela Decl. ¶¶ 29–32; Covachuela Reply Decl. ¶ 7, ECF No. 15-1.) Like Plaintiff, these employees were

required to arrive at Defendants' office at the start of each workday, "check in" with David and/or Daniel Hinojosa, load a company vehicle with necessary equipment, drive or ride in the vehicle to the Worksites, drive or ride in the vehicle back to Defendants' office at the end of the workday, and help unload equipment from the vehicle. (Covachuela Decl. ¶¶ 33–34.) Plaintiff learned in conversations with these employees that they, like Plaintiff, were only paid for up to forty hours per week and for up to eight hours of overtime work on Saturdays. (*Id.* ¶¶ 37–39; Covachuela Reply Decl. ¶¶ 9–10.) And like Plaintiff, these employees were not paid for Preparation Hours. (Covachuela Decl. ¶ 39.)

Plaintiff also recalls a conversation with his uncle, Carlos Rivera, who worked as a Laborer and Driver at Jersey Firestop. (*Id.* ¶ 43; *see also* Covachuela Reply Decl. ¶ 12.) Rivera explained that he was "often required to drive to Defendants' office before and after the workday to perform additional work but . . . was not paid for these hours." (Covachuela Reply Decl. ¶ 13.) For the purposes of conditional certification, Plaintiff has adequately described non-speculative similarities between himself and other Laborers and/or Drivers at Jersey Firestop.

Defendants argue that Plaintiff's recollections as to what his colleagues and uncle told him are hearsay. (Opp'n at 6, ECF No. 14.) At the conditional certification stage, however, courts "routinely permit plaintiff[s] to submit 'evidence through . . . declarations, *including any hearsay statements* contained therein.'" *Ying Yang v. Vill. Super Mkt., Inc.*, 2019 WL 1275059, at *2 (D.N.J. Mar. 20, 2019) (quoting *Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018)). Therefore, the Court may consider Plaintiff's accounts of his conversations with other employees and his uncle at this juncture.

**II.     Notice**

    A.     *Content*

Court-authorized notice is appropriate in this case. The parties disagree as to whether the notice should mention potential payment of Defendants' costs.[3] In its discussion of attorneys' fees, Plaintiff's Revised Proposed Notice informs potential opt-in plaintiffs, "If there is no recovery, you pay nothing." (Revised Proposed Notice at 4, ECF No. 15-3.) Defendants submit that the notice should instead inform potential opt-in plaintiffs, "If the Defendants prevail, [y]ou may have to pay the costs of the Defendants in defending against this lawsuit." (*See* Opp'n at 13.)

A prevailing defendant may recover costs in a FLSA case. *See Camesi v. Univ. of Pittsburgh Med. Ctr.*, 753 F. App'x 135, 140 (3d Cir. 2018). Plaintiff's proposed guidance stating "If there is no recovery, you pay nothing" could mislead opt-in plaintiffs as to potential outcomes of this case. Therefore, that sentence must be omitted from the notice.

The notice, however, need not explicitly inform potential opt-in plaintiffs that they may be required to pay Defendants' costs. That language is unnecessary to serve the purposes of notice as "a means to identify those who believe that they have been injured by the defendants' overtime policy and to give them a forum to pursue their potential claims." *See Sanchez v. Santander Bank, N.A.*, 2019 WL 6050738, at *4 (D.N.J. Nov. 15, 2019) (quoting *Ingram v.*

---

[3] Some of the parties' initial disputes regarding Plaintiff's proposed notice have been resolved. In their Opposition, Defendants argue that paragraph nine of Plaintiff's Initial Proposed Notice (ECF No. 12-3) should identify Defendants' counsel. (Opp'n at 13, ECF No. 14.) Plaintiff's Revised Proposed Notice (ECF No. 15-3) does so. (*See* Revised Proposed Notice Redline at 4, ECF No. 15-4.) Defendants also assert that paragraph two should omit the word "premium." (Opp'n at 13.) Plaintiff's Revised Proposed Notice does so. (*See* Revised Proposed Notice Redline at 2.)

*Coach USA, Inc.*, 2008 WL 281224, at *8 (D.N.J. Jan. 28, 2008)).

Nevertheless, Plaintiff's counsel is obligated to inform opt-in plaintiffs of this possibility. This Court directs Plaintiff's counsel "to advise each opt-in [plaintiff] of his or her obligations before the consent form is filed, including advising the opt-in plaintiffs that they may be required to . . . pay costs if the defendants prevail." *See id.* "The filing of a consent form by counsel will be deemed to reflect counsel's representation that he or she has discussed with the opt-in plaintiff identified on the form the fee arrangement, cost obligations, and requirements to provide information." *Id.* (internal quotation marks omitted).

Because Plaintiff and other potential opt-in plaintiffs are native Spanish speakers (Covachuela Decl. ¶ 49), the notice shall be provided to potential opt-in plaintiffs in both English and Spanish.

B.   *Dissemination*

"[D]istrict courts may 'regulate their practice [of facilitating notice] in any manner not inconsistent with federal or local rules.'" *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 574 (D.N.J. 2014) (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)). "[T]he practice of permitting notice by USPS and additional electronic means, including e-mail and text messaging, finds ample support in this district." *Gilbertson v. J. Givoo Consultants I, Inc.*, 2021 WL 689114, at *2 (D.N.J. Feb. 23, 2021) (collecting cases). "[R]eminder notices are regularly permitted in this Circuit." *Id.* (collecting cases).

The Court approves the following proposed conditions of notice. First, the Court directs Plaintiff to send notice to all Laborers and/or Drivers who have worked at Jersey Firestop at any time from July 13, 2017 to the present. Second, the Court authorizes a sixty-day notice period. "[Sixty days] is sufficient time to provide each potential collective action member the

opportunity to make an informed decision about whether to opt into this action, while not needlessly delaying resolution of the litigation." *See Sanchez*, 2019 WL 6050738, at *4. Third, the Court grants Plaintiff's request to send notice via e-mail and text message in addition to first-class U.S. mail. Fourth, Plaintiff is permitted to send the Proposed Reminder (ECF No. 12-4) to potential opt-in plaintiffs via first-class U.S. mail, e-mail, and text message halfway through the notice period. And fifth, the Court grants Plaintiff's request to post the notice and consent forms at a conspicuous location in Defendants' garage outside of Defendants' office in Bound Brook, New Jersey during the sixty-day notice period. This is a "reasonable and cost-efficient method of ensuring class members receive notice." *See Ying Yang*, 2019 WL 1275059, at *4.

### III.  List of Potential Collective Action Members

In FLSA collective action cases, this Court has directed defendants to produce lists of potential opt-in plaintiffs. *See, e.g.*, *Pearsall-Dineen*, 27 F. Supp. 3d at 574. Within ten days, Defendants shall provide Plaintiff with a computer-readable list of names, titles, dates of employment, last-known mailing addresses, telephone numbers, and e-mail addresses of all Laborers and/or Drivers employed by Jersey Firestop at any time from July 13, 2017 to the present.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 12) is granted, subject to the conditions and amendments specified in the Court's accompanying Order. An appropriate Order will follow.

Date: April 9, 2021                                                                         */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON, U.S.D.J.