NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ORBIN COVACHUELA,** | **Civil Action No. 20-8806 (ZNQ)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **JERSEY FIRESTOP LLC, et al.,** | |
| **Defendants.** | |

**<u>BONGIOVANNI, United States Magistrate Judge</u>**

Currently pending before the Court is Plaintiffs' motion seeking leave to file a Second Amended Complaint ("SAC") adding the following Fair Labor Standards Act ("FLSA") opt-in plaintiffs as named plaintiffs in this matter: Orlando Cruz, Jorge Espinoza, and Julio Medina (the "Opt-In Plaintiffs," collectively with Orbin Covachuela, "Plaintiffs") under Federal Rule of Civil Procedure ("Rule") 15 or otherwise allowing the Opt-In Plaintiffs to intervene in this action pursuant to Rule 24(b). (Docket Entry No. 119). Defendants Jersey Firestop LLC, Dainiel Hinojosa, and David Hinojosa oppose Plaintiffs motion. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion is **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The factual background of this matter is well known to both the parties and the Court. As such, it is not restated at length herein. Instead, the Court focuses on the procedural history relevant to the instant motion to amend.

Plaintiffs filed the Complaint in this matter on July 13, 2020, asserting individual claims on behalf of Plaintiff Orbin Covachuela and class action claims against Defendants for unpaid wages / overtime violations under the FLSA, the New Jersey Wage and Hour Law (the "NJWHL"), and the New Jersey Wage Payment Law (the "NJWPL"), and individual claims on behalf of Mr. Covachuela for retaliation under the FLSA and the New Jersey Conscientious Employee Protection Act ("CEPA"). (Compl. ¶¶ 19-98; Docket Entry No. 1). On January 8, 2021, Plaintiffs filed a motion seeking to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and for expedited discovery regarding the identities of prospective class members. (Docket Entry No. 12). On February 19, 2021, Plaintiffs filed an Amended Complaint, adding an additional claim for retaliation under the FLSA based on Defendants' filing of their Counterclaim. (Am. Compl. ¶¶ 99 – 110; Docket Entry No. 21). Defendants moved to dismiss this claim for retaliation on March 12, 2021. (Docket Entry No. 23). Ultimately, the parties stipulated to the dismissal of this cause of action without prejudice, which the Court so ordered on March 24, 2021. Docket Entry No. 25.

On April 9, 2021, the District Court granted Plaintiffs' motion seeking conditional certification with respect to Plaintiffs' claims under the FLSA. Mem. Op. and Order of 04/09/2021; Docket Entry Nos. 27 and 28. On April 12, 2024, Plaintiffs moved to certify a class with respect to the state law claims brought under the NJWPL and NJWHL. On November 19, 2024, the District

2

Court denied Plaintiffs' motion, determining that "Plaintiff fails commonality and predominance under Rule 23(b)(3)[.]" Mem. Op. of 11/19/2024 at 20; Docket Entry No. 105.

After the District Court denied Plaintiffs' motion to certify a class, this Court scheduled a status telephone conference with the parties. *See* Text Order of 12/05/2025; Docket Entry No. 107. At the conference, the Court addressed the possibility of moving forward with settlement discussions between Plaintiffs and Defendants. *See* Text Minute Entry of 01/08/2025. The parties agreed that settlement discussions could be fruitful and began actively engaging in same. *See* Text Order of 02/19/2025; Docket Entry No. 109.

In mid-March 2025, the Court received an update from the parties indicating that their negotiations had stalled and suggesting that Plaintiffs would seek to amend the FAC to add the Opt-In Plaintiffs as parties, after which Plaintiffs would likely seek to move for summary judgment and Defendants for cross summary judgment and to decertify the conditionally certified FLSA collective. (Ltr. From Nicole D. Grunfeld, Esq., to Hon. Tonianne J. Bongiovanni, U.S.M.J., of 03/13/2025 at 1). In response, the Court conducted a telephone conference on March 28, 2025. Rather than set a schedule for briefing on Plaintiffs' proposed motion to amend, the Court determined that further settlement discussions were warranted and indicated that it would "explore the parties' settlement positions, ex parte" and that "[t]he schedule will be addressed if the matter does not settle." Text Minute Entry of 03/28/2025. The Court continued to engage in settlement discussions with the parties for the next few months.

Unfortunately, a settlement was not reached. As a result, on June 10, 2025, the Court entered the following Text Order:

> Despite the parties' best efforts, it does not appear that a settlement will be reached at this juncture of the case. The parties are directed to confer, regarding Plaintiff's request to amend the Complaint to see if an agreement can be reached. The parties are directed to

provide the Corut with a status update regarding that issue by 6/30/2025. After the issue concerning Plaintiff's proposed amendment is decided, the Court shall address the dispositive motion schedule.

Text Order of 06/10/2025; Docket Entry No. 116. Since the parties could not reach an agreement with respect to Plaintiffs' proposed addition of the Opt-In Plaintiffs as parties to this matter, the Court directed Plaintiffs to file their motion to amend by August 15, 2025. *See* Letter Order of 07/09/2025; Docket Entry No. 118. Plaintiffs complied, filing the instant motion on August 15, 2025.

Through the pending motion, Plaintiffs seek permission pursuant to Rule 15(a)(2) and/or 24(b) for leave to file an SAC adding the Opt-In Plaintiffs as named plaintiffs so that the Opt-In Plaintiffs can pursue their New Jersey state-law wage and hour claims in this matter since, as noted above, the District Court denied Plaintiffs' Rule 23 class certification motion regarding the New Jersey state-law wage and hour claims. Plaintiffs argue that there is good cause to permit their motion under Rule 16(b) because no initial scheduling order was entered in this matter, the Court, instead, determining to stay formal discovery and explore settlement, and "in the Court's subsequent scheduling orders, no date for amendment following the opt-in period was ever set." (Pl. Br. at 5, 6; Docket Entry No. 119-4). Plaintiffs also note that had their motion for class certification under Rule 23 been successful, this motion would have been moot. (*See id*. at 6). Further, Plaintiffs argue that they did not immediately move to amend after their motion for class certification was denied because the Court engaged in numerous settlement discussions with the parties, informing them that the schedule would be addressed if said discussions were unsuccessful. (*See id*.) Plaintiffs maintain that once it became clear that a settlement would not be reached, they diligently filed the instant motion. Under these circumstances, Plaintiffs argue that it would be

4

"inequitable to prohibit Plaintiffs from amending" and that there is good cause under Rule 16(b) to consider their motion now. (*Id*.)

Because there is good cause to consider their motion, Plaintiffs argue that the Court should grant same under Rule 15(a) and Rule 24(b). With respect to Rule 15(a), Plaintiffs claim that they should be able to add the Opt-In Plaintiffs as named plaintiffs in this matter regarding their New Jersey state-law wage and hour claims because "[t]here has been no undue delay or bad faith, and certainly no prejudice to Defendants[.]" (*Id*. at 7).

Plaintiffs argue that Defendants will not be prejudiced if the Opt-In Plaintiffs are permitted to be named as plaintiffs because Defendants have had notice of their identities since March 2023 and have taken discovery from the Opt-In Plaintiffs, including, but not limited to depositions, and said discovery was not limited to questioning based on Plaintiffs' FLSA claims, but pertained to the Opt-In Plaintiffs' employment history with Defendants. (*See id*. at 8; Pl. Reply at 3; Docket Entry No. 121).

Similarly, Plaintiffs claim that "[a]ny delay in seeking to amend or intervene was not undue or in bad faith and certainly did not prejudice Defendants." (Pl. Br. at 8). Plaintiffs note it only became necessary for the Opt-In Plaintiffs to seek to become named plaintiffs in this matter after the District Court denied their Rule 23 motion for class certification on November 19, 2024. (*See id.* at 8-9). Further, Plaintiffs argue that they did not immediately seek to add the Opt-In Plaintiffs after their class certification motion was denied because the parties, at the Court's direction and with the Court's assistance, were engaged in good faith settlement efforts, attempting to reach a resolution of all claims, including the New Jersey state-law wage and hour claims. (*See id*. at 9; Pl. Reply at 1-2). Indeed, Plaintiffs point out that it wasn't until June 2025, when it became clear that the parties would not be able to reach a resolution, that the Court directed them to confer regarding

5

Plaintiffs' proposed amendments, and not until July 9, 2025, when Defendants refused to consent to Plaintiffs filing an SAC, that the Court set a briefing schedule for the instant motion. (*See* Pl. Br. at 9). Plaintiffs further note that they complied with said briefing schedule, filing their motion by the August 15, 2025, deadline set by the Court. (*Id.*) Under these circumstances, Plaintiffs argue that their delay in filing clearly has not been undue, nor has it caused any prejudice to Defendants. (*See id.*; Pl. Reply at 2-3).

Further, Plaintiffs argue that the proposed addition of the Opt-In Plaintiffs as named plaintiffs is not futile. In this regard, Plaintiffs state:

> [T]he SAC plausibly alleges for all Opt-in Plaintiffs, (i) non-exempt employment; (ii) required pre- and post-shift shop reporting, loading/unloading, and shop-to-worksite travel directed by Defendants; (iii) exclusion of those intervals from paid hours as a matter of practice; and (iv) resultant unpaid straight time and overtime under NJWHL and NJWPL.

(Pl. Br. at 9-10). Plaintiffs argue that these allegations are sufficient to state a claim upon which relief can be granted and render their proposed amendment non futile.

Moreover, Plaintiffs argue that the applicable statutes of limitations do not render the proposed addition of the Opt-In Plaintiffs as named plaintiffs futile. First, Plaintiffs contend that even if certain of their FLSA and/or NJWHL claims may be partially time-barred, which they do not necessarily concede, "[a]s all the Opt-In Plaintiffs bring claims that are arguably within the FLSA and NJWHL periods, futility based on the statutes of limitations is clearly not a persuasive argument for denying amendment." (Pl. Reply Br. at 4) Second, Plaintiffs contend that the Opt-In Plaintiffs' claims fall "within the time period of the NJWPL" and should not be denied on futility grounds. (*Id.*)

In addition, Plaintiffs argue that the Opt-In Plaintiffs should also be permitted to intervene as named Plaintiffs pursuant to Rule 24(b) as their request to do so is timely. Plaintiffs note that

the statute of limitations tolls while class certification motions are pending, which supports a presumption that the Opt-In Plaintiffs' request to intervene is timely. (*See id.* at 11). Further, in considering timeliness under Rule 24(b), Plaintiffs indicate that the courts consider the following factors, "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." (*Id*. (quoting *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks and citations omitted)). Plaintiffs argue that all three factors favor Plaintiffs' request to intervene. Plaintiffs note that while the stage of the proceedings may be late, the Opt-In Plaintiffs have actively participated in the case and "due to the opt-in mechanism of the FLSA, the Defendants had the ability to conduct full discovery of the Opt-in Plaintiffs." (*Id*.). For this reason, Plaintiffs claim that there will be no prejudice from the delay both because the wage and hour claims were pled in class form from the outset of this litigation and because the Opt-In Plaintiffs participated in discovery. Further, as mentioned above, Plaintiffs claim that the limitations period was tolled during the pendency of their Rule 23 class certification motion, and the Opt-In Plaintiffs did not immediately seek to intervene when that motion was denied because of the court-directed settlement efforts. (*Id*. at 12).

Defendants oppose Plaintiffs' motion under both Rule 15(a) and Rule 24(b). In the first instance, Defendants argue that the motion is untimely. Defendants note that this matter has been pending for over five years. They claim that Plaintiffs have known since November 18, 2024, that the Opt-In Plaintiffs could not pursue their NJWHL or NJWPL claims unless they took action to assert said claims in their individual capacities, yet Plaintiffs waited approximately 9 months from the District Court's denial of their Rule 23 class certification motion to seek permission to file the SAC. (*See* Def. Opp. Br. at 19-20; Docket Entry No. 120). Further, Defendants argue the fact that the partes were exploring settlement does not provide a "sufficient justification" for Plaintiffs'

delay as they "certainly could have sought relief much earlier – such as within the first few weeks or even months after this Court denied Rule 23 class certification." (*Id*. at 20). In addition, Defendants claim that they would be prejudiced if Plaintiffs are permitted to amend their pleading and the Opt-In Plaintiffs are allowed to intervene and become full plaintiffs because "[u]p to this point, Defendants only took discovery from Opt-In Plaintiffs to explore their opt-in claims for unpaid overtime under the FLSA; and to explore whether class certification of Named Plaintiff's state law NJWHL and NJWPL was appropriate under Rule 23." (*Id*.) Defendants argue that if the Opt-In Plaintiffs are permitted to intervene to assert individual claims under the NJWHL and NJWPL, "Defendants will be forced to litigate without the benefit of full discovery on these newly-asserted claims" and "even if the Court were to reopen discovery, it would protract this litigation[,]" which Defendants note is already over 5 years old. (*Id*. at 20-21).

Moreover, Defendants argue that certain of the claims Plaintiffs seek to add are time-barred and therefore futile. For example, Defendants argue that certain portions of the Opt-In Plaintiffs' proposed NJWHL claims, namely "any of Opt-In Plaintiffs' potential pre-August 6, 2019 NJWHL claims that accrued before *April 8, 2019*[,]" should be denied as futile because they are "time-barred as a matter of law." (*Id*. at 23). Similarly, Defendants argue that "[a]ny of Opt-In Plaintiffs' claims for alleged unpaid overtime under the FLSA that accrued before an applicable look back period is time-barred as a matter of law" and Plaintiffs motion seeking leave to file an SAC should be denied as futile to the extent Plaintiffs seek to assert any such time-barred claims. (*Id*. at 25.)

## II.   ANALYSIS

### A.  Rule 16(b)(4)

The Court first addresses whether the Rule 16(b)(4)'s more demanding "good cause" standard applies to the instant motion. The Court finds that it does not. Here, after the Initial Pretrial

Conference, rather than entering a scheduling order, the Court stayed formal discovery and focused the parties' efforts on settlement. *See* Text Minute Entry of 10/26/2020. The Court later set a schedule for briefing on Plaintiffs' motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and for expedited discovery regarding the identities of prospective class members. *See* Text Order of 01/14/2021; Docket Entry No. 13. While this schedule also addressed the deadlines by which certain responsive pleadings were to be filed, it did not set or in any way address the deadline for motions to amend the pleadings and/or add parties. *See id.*

After the collective action was conditionally certified and the opt-in period for the FLSA collective closed, the Court, at the parties' request, entered a more fulsome discovery schedule. *See* Letter Order of 12/15/2021; Docket Entry No. 51. This schedule, again, however, was silent with respect to motions to amend the pleadings and/or add new parties. *See id*. Indeed, the only deadline set by the Court for motions to amend the pleadings and/or add new parties was the deadline set on July 9, 2025, when the Court entered a Letter Order setting a briefing schedule that called for Plaintiffs to file their motion to amend by August 15, 2025. Letter Order of 07/09/2025; Docket Entry No. 118. Plaintiffs complied with this schedule, filing the instant motion on August 15, 2025. Under these circumstances, Rule 16(b)(4) is inapplicable as Plaintiffs clearly complied with the Court's scheduling orders. Thus, the Court considers whether Plaintiffs' motion should be granted under Rule 15(a)(2)'s regular amendment standard and/or Rule 24(b).

### B. Rule 15(a)(2)

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Third Circuit has shown a strong liberality in allowing amendment, favoring decisions on the merits rather than on procedural technicalities. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3rd Cir. 1984); *see Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267,

273 (3rd Cir 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Although the decision to grant or deny leave to amend is within the discretion of the Court, that discretion must be exercised consistent with the liberal standard embodied in Rule 15(a)(2). *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992); *see Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003). Leave to amend under Rule 15(a) should be granted in the absence of undue delay or bad faith by the movant, prejudice to the movant, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

### 1.   Undue Delay and Undue Prejudice

In determining whether there has been undue delay, courts consider both the length of the delay and resulting prejudice to the opposing party. *Long*, 393 F.3d at 399. Although significant lapses of time may weigh against the moving party, delay alone is insufficient to deny amendment absent a showing of prejudice, bad faith, or dilatory motive. *See id* at 399; *Cureton*, 252 F.3d at 273 (3d Cir. 2001); *see also Adams*, 739 F.2d at 868; *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). The burden of establishing undue prejudice rests with the non-moving party. *Long*, 393 F.3d at 400. This burden may be met by showing that allowing an amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent [the opposing party] from bringing a timely action in another jurisdiction." *Id.*

Here, Defendants argue that Plaintiffs' delay in seeking to amend has been rendered undue because Plaintiffs could have moved to have named the Opt-In Plaintiffs as named plaintiffs much sooner, within weeks or even months of the District Court's denial of Plaintiffs' Rule 23 class certification motion, and the fact that the parties were exploring settlement does not provide a sufficient justification for their delay. Delay alone, however, without more, is an insufficient basis

on which to deny a motion to amend. Moreover, Plaintiffs cannot be faulted for failing to move more quickly to file their motion when the Court was overseeing and directing the parties' settlement efforts since the Telephone Conference held on January 8, 2025. *See* Text Minute Entry of 01/08/2025. Indeed, the Court finds that it would have been unreasonable for Plaintiffs to have filed their motion to amend after the January 8, 2025, conference, during which the Court specifically advised the parties that the remaining schedule would be addressed after they reported back on February 11, 2025 regarding whether they were prepared to discuss settlement. *See id.*

Further, on March 13, 2025, the parties reported that their settlement efforts had failed and that Plaintiffs sought to amend their Complaint to add the Opt-In Plaintiffs as named parties, just as they do in their current motion:

> We represent the Plaintiff and Opt-in Plaintiffs in the above-referenced case. We write jointly with Defendants' counsel to provide an update on the status of settlement discussions.
>
> The parties are unable to reach resolution in this matter. Accordingly, Plaintiff will move to amend the complaint to add the Opt-in Plaintiffs as parties, after which we intend to move for summary judgment. Defendants intend to cross move for summary judgment, and to move to decertify the collective.
>
> We thank the Court for its attention to this matter.

(Ltr. From Nicole D. Grunfeld, Esq., to Hon. Tonianne J. Bongiovanni, U.S.M.J., of 03/13/2025 at 1). Nevertheless, rather than set a briefing schedule for Plaintiffs' proposed motion to amend, the Court determined to go forward with settlement discussions, deciding to "explore the parties' settlement positions, ex parte." Text Minute Entry of 03/28/2025. This was the Court's decision, not Plaintiffs and Plaintiffs are certainly not responsible for the resulting "delay."

Thus, despite Defendants' arguments to the contrary, Plaintiffs did not unjustifiably wait approximately 9 months to file the instant motion. Instead, given the Court-directed settlement

discussions, Plaintiffs reasonably waited for a briefing schedule to be set before they filed same. At worst, Plaintiffs could, theoretically, be faulted for not immediately filing their motion in the month and a half between when the District Court denied their Rule 23 motion for class certification on November 19, 2024 and when this Court conducted the January 8, 2025 Telephone Conference, but even then, the Court notes it scheduled the January 8, 20205 Telephone Conference on December 5, 2024, just over two weeks after the District Court's decision came down, and it would not have been unreasonable for Plaintiffs to have awaited the conference with this Court before moving to amend. Regardless, the Court finds that this short delay in filing the motion does not constitute undue delay.

In addition, the Court finds that Defendants will not be unfairly prejudiced if Plaintiffs are permitted to amend their Complaint to add the Opt-In Plaintiffs as named plaintiffs in this matter. Defendants argue that if the Opt-In Plaintiffs are added as named plaintiffs, Defendants will be forced to litigate without the benefit of full discovery because Defendants only took discovery from the Opt-In Plaintiffs regarding their opt-in claims for unpaid overtime under the FLSA and to explore whether class certification was appropriate. Further, Defendants suggest reopening discovery is not a viable solution because that would protract this dated litigation, which has already been pending for over 5 years. Defendants, however, fail to articulate what additional discovery they would need to properly defend against the Opt-In Plaintiffs' individual NJWHL and NJWPL claims, how long said additional discovery would take, or how burdensome it would be. The Court finds that Defendants' conclusory arguments, which lack any specificity regarding the additional litigation burdens the addition of the Opt-In Plaintiffs as named plaintiffs will impose, fail to establish that Defendants will be unfairly prejudiced if Plaintiffs are permitted to file the proposed SAC now.

### 2. Futility

A court may deny a motion for leave to amend where the proposed amendment would be futile. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). An amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted. *Travelers Indem. Co v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir 2010). The futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Id.*

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). Importantly, unless a proposed amendment is "clearly futile . . . denial of leave to amend is improper." *Morton Intern., Inc. v. A. E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J.

2000). Further, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

The burden of establishing futility is on the party opposing the amendment and, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. *Pharm. Sales & Consulting Corp. v. J.W.S Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "If a proposed amendment is not clearly futile, the denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). "This standard does not necessitate that parties undertake substantive motion practice concerning the proposed claim or defense." *Id*. "Instead, it requires only that the claim or defense have an adequate basis in fact or law, not being frivolous." *Id*.

Here, the Court finds that Defendants have not met their burden of establishing the futility of Plaintiffs' proposed amendments. In the first instance, the Court notes that Defendants' futility arguments are based on the statute of limitations appliable to certain of the Opt-In Plaintiffs' proposed claims. Defendants argue that some of the claims the Opt-In Plaintiffs seek to assert are time-barred and, therefore, futile. However, "the Third Circuit has indicated that motions to dismiss under Rule 12(b)(6), the standard applicable to the Court's evaluation of futility, are generally disfavored when they are based on a statute of limitations defense because 'the applicability of the statute of limitations often involves questions of fact for the jury.'" *Rylick v. Digital Sec. Controls, Ltd.*, Civil Action No. 06-2031 (SRC), 2007 WL 150435, at *3 (D.N.J. Jan. 16, 2007) (quoting *Jodek Charitable Trust, R.A. v. Vertical Net, Inc.*, 412 F.Supp. 2d 469, 474

(E.D.Pa. 2006) (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999))).

Second, and perhaps more importantly, Defendants do not claim that the entirety of Plaintiffs' proposed amendment is futile. Instead, they argue that if the Opt-In Plaintiffs are permitted to be named as plaintiffs, then certain portions of their proposed claims would be time-barred and, therefore, futile. However, as other courts have found:

> Partial futility is not a ground for denial of a motion to amend. As aptly stated in one of the cases cited by Plaintiffs (*see* Pls.' 10/7/24 Ltr. Mot. at 3): "A claim is either futile or not; Rule 15's standard concerns futility of a claim, not its 'partial' futility, and for a good reason since 'partial' futility suggests that a claim may be, at the same time, futile and not futile, a circumstance not contemplated by Rule 15." *Michael v. Bloomberg L.P.*, No. 14-CV-02657 (TPG) (KNF), 2016 WL 1659319, at *4 (S.D.N.Y. Mar. 18, 2016); *see also Porter v. MooreGroup Corp.*, No. 17-CV-07405 (KAM) (VMS), 2020 WL 32434, at *10 (E.D.N.Y. Jan. 2, 2020) ("defendants do not cite to any authority for their apparent view that a claim is futile, for purposes of a Rule 15 motion, if a portion of that claim is time-barred"); *McClurg v. Dallas Jones Enterprises, Inc.*, No. 4:20-CV-00201 (JHM), 2021 WL 6777406, at *2 (W.D. Ky. Sept. 14, 2021) (citing *Porter*).[5] Even assuming *arguendo*, that "the scope of the SOX claim" pled in the proposed Amended Complaint should be limited "to events occurring on or after September 16, 2023, in light of the 180-day statute of limitations that applies to SOX claims," as Defendants posit (Defs.' 10/15/24 Ltr. Resp. at 1), "proposed amendments, which [are] partially time-barred, [are] not futile" under Rule 15. *Porter*, 2020 WL 32434, at *10 (citing *Michael*, 2016 WL 1659319, at *4).

*Brawer v. Egan-Jones Ratings Co.*, 347 F.R.D. 650, 654 (S.D.N.Y. 2024). As a result, even if Defendants are correct, and certain of the Opt-In Plaintiffs' proposed individual claims are time-barred by the applicable statute of limitations, Plaintiffs' proposed amendment is not futile.

Thus, the Court finds that Plaintiffs shall be permitted to file an SAC, adding the Opt-in Plaintiffs as named plaintiffs under Rule 15(a)(2).

## C.  Rule 24(b)

While the Court has already determined that Plaintiffs shall be permitted to file an SAC naming the Opt-In Plaintiffs as named plaintiffs in this matter, the Court also considers Plaintiffs' request that the Opt-In Plaintiffs be permitted to intervene in this action under Rule 24(b).

According to Rule 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of fact or law. Further, according to Rule 24(b)(3), "[i]n exercising its discretion" in determining whether to allow permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Here, there is no dispute that the Opt-In Plaintiffs' proposed individual claims share common questions of fact and law with the main action. The only question concerns the timeliness of Plaintiffs' motion and the related questions of whether intervention will unduly delay or prejudice Defendants.

"The timeliness of a motion to intervene is determined from all the circumstances and, in the first instance, by the [trial] court in the exercise of its sound discretion." *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) (internal quotation marks and citations omitted). Importantly, "[t]he mere passage of time . . . does not render an application untimely." *Id*. Instead, in determining whether an intervention motion is timely, courts consider: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Id*.

The Court has already considered these factors in connection with its Rule 15(a)(2) analysis. The Court finds Plaintiffs' motion to intervene to be timely under the circumstances of this case. While the case is over 5 years old, there was no reason for Plaintiffs to file the instant motion until

after the District Court denied their Rule 23 class certification motion on November 19, 2024. Further, as explained above, given the Corut-directed settlement discussions that followed the denial of said motion, Plaintiffs were justified in not seeking intervention sooner. Moreover, under the circumstances of this case, including the discovery that has already taken place, and the fact that Defendants were on notice that Plaintiffs intended to seek the addition of the Opt-In Plaintiffs as named plaintiffs, the Court finds that Defendants will not be prejudiced if the Opt-In Plaintiffs are permitted to intervene as named plaintiffs in this matter. As a result, the Court in its discretion shall allow the Opt-In Plaintiffs to intervene in this matter.

## III.    CONCLUSION

For the reasons stated above, Plaintiffs' motion seeking leave to file an SAC adding the Opt-In Plaintiffs under Rule 15 or otherwise allowing the Opt-In Plaintiffs to intervene in this action pursuant to Rule 24(b) is **GRANTED**. An appropriate Order follows.

Dated: March 30, 2026

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
